# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS KIM, | Case No. 2:16-cv-00778-APG-CWH |
| Plaintiff, | Consolidated with:<br>Case No: 2:17-cv-00133-APG-CWH |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| | |
| CHANG AHN, et al., | **ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' MOTIONS TO DISMISS** |
| Plaintiffs, | |
| v. | (ECF Nos. 10, 32) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The plaintiffs in this consolidated case co-owned a popular Korean supper club in Las Vegas, Nevada. On July 11, 2013, the club was raided by federal homeland security officials, who stated they were investigating possible immigration and prostitution violations. The club and its co-owners were subject to ongoing monitoring and harassment in the months following the raid. The plaintiffs contend that the purported rationale for the raid and subsequent harassment was pretextual, and that it was orchestrated by a rogue federal agent in cahoots with one of the club's business competitors.

The plaintiffs assert claims under the Federal Tort Claims Act (FTCA) for negligence and intentional infliction of emotional distress (IIED) arising from the raid and its fallout. The government moves to dismiss, contending that most of the claims are barred by the statute of limitations and that the facts alleged by plaintiffs do not state either claim.

////

1    The plaintiffs' negligence claims fail because they belong to the corporation, whereas the

2    co-owners bring suit individually.  The complaint is also insufficiently clear as to how the

3    government was negligent, beyond Special Agent Lee's intentional misconduct.  Thomas and Ae

4    Ja Kim's IIED claims, which rely on misconduct toward Ae Ja, fail because they are time-barred.

5    Thomas's claim additionally fails because it does not meet the extreme standard for outrageous

6    behavior to a third party.  I dismiss Ae Ja Kim's IIED claim without prejudice, in case she can

7    assert harms within the statute of limitations.  Thomas Kim's IIED claim is dismissed with

8    prejudice, as amendment would be futile.  The only surviving claim is Hwan Jae Lee and Mi Won

9    Kim's IIED claim.

10   **I.      BACKGROUND**

11        Plaintiffs Thomas Kim, Hwan Jae Lee, Mi Won Kim, and Chang Ahn co-owned "Club

12   Yamang," a Korean supper club in Las Vegas, Nevada. ECF No. 1 at 3.  On July 11, 2013, the

13   club was raided by federal Homeland Security Investigations (HSI) agents under the direction of

14   Special Agent Joohoon David Lee. *Id.* at 4.  The plaintiffs allege that the raid had no legitimate

15   law enforcement basis, but was instead a baseless and corrupt attempt to harass Club Yamang at

16   the behest of a competitor supper club with which SA Lee had a relationship. *Id.*

17        During the raid, several Korean employees were detained by SA Lee and questioned about

18   their immigration status and whether they were prostitutes. *Id.* at 5.  One of the women detained

19   by SA Lee was plaintiff Ae Ja Kim, who was Thomas Kim's fiancée at the time (and now wife).

20   *Id.*  SA Lee transported Ae Ja to an Immigrations and Customs Enforcement (ICE) detention

21   center, where he subjected her to interrogation and placed a GPS monitoring device on her ankle.

22   *Id.*  Thomas was not notified of her location for several hours.  When he finally was allowed to

23   see Ae Ja, Thomas was informed that the GPS would remain on Ae Ja for an indeterminate time.

24   *Id.*

25        SA Lee continued surveilling Club Yamang several times after the raid. *Id.*  Other law

26   enforcement agencies also participated in surveillance at SA Lee's request. *Id.*  Thomas met with

27   SA Lee in November 2013 to discuss the ongoing investigation. *Id.*  At this meeting, SA Lee

28

refused to remove the GPS devise from Ae Ja's ankle, stating that he would have to "think about it." *Id.* at 6.[1]

Plaintiffs Hwan Jae Lee and Mi Won Kim also experienced several incidents where they were detained at Las Vegas or Los Angeles airports for multiple hours upon return from travel to South Korea. *See* 2:17–cv–00133–APG–CWH, ECF No. 1 at 12. The incidents—which occurred in December, 2013; April, 2014; and September, 2014—all were resolved with a call to the couple's lawyers. SA Lee and a representative from the Nevada Attorney General were present during the April, 2014 detention. The plaintiffs believe that SA Lee has baselessly caused them to be "flagged" for secondary inspection. *Id.*

SA Lee continued to harass the plaintiffs and their employees for more than a year following the initial raid. ECF No. 1 at 6. Club Yamang suffered significant economic losses due to public knowledge and rumors of the investigation. Each plaintiff claims to have suffered emotional devastation, with accompanying physical effects, from the business losses and reputational harms. *Id.* at 7.

Plaintiff Thomas Kim submitted an administrative tort claim to the General Counsel of the federal Department of Homeland Security on July 20, 2015. *Id.* at 3. ICE denied the claim on November 30, 2015. *Id.* Plaintiffs Ae Ja Kim, Hwan Jae Lee, Mi Won Kim, and Chang Ahn submitted administrative tort claims on January 24, 2016. ECF No. 32 at 5.[2] The government has failed to adjudicate those claims. *See* 2:17–cv–00133–APG–CWH, ECF No. 1 at 3.

## II.   ANALYSIS

### A. Motion to dismiss standard

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily

---

[1] Neither the complaint nor the briefing specifies when the GPS device was removed.

[2] While this date was provided by the government, the plaintiffs do not contest its accuracy.

assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### B. Statute of limitations

The FTCA requires claimants to present claims to the agency within two years of the claim's accrual. 28 U.S.C. § 2401(b). Plaintiff Thomas Kim is thus time-barred for claims accruing before July 20, 2013, and the remaining plaintiffs are time-barred for claims accruing before January 14, 2014. This means that all plaintiffs are time-barred for claims based on the raid itself, which occurred on July 11, 2013. All plaintiffs besides Thomas Kim are also time-barred regarding any surveillance or incidents in the six months following the raid.

The plaintiffs argue that equitable tolling is appropriate, pointing to a Supreme Court case for the proposition that courts may equitably toll FTCA claims. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015). But the fact that tolling is possible does not mean it is appropriate. To support equitable tolling, a court still must find that a party "has been pursuing his rights diligently, and that some extraordinary circumstances stood in his way" of timely filing. *See Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012). Here, the plaintiffs were aware of the alleged injury and its cause as of the date of the raid, yet did not timely pursue their claims. These conditions preclude equitable tolling, regardless of whether the plaintiffs knew the raid was illegitimate or tortious. *See Herrera-Diaz By & Through Herrera-Diaz v. U.S. Dep't of Navy*, 845 F.2d 1534, 1537 (9th Cir. 1988).

### C. Negligence

Plaintiffs Thomas Kim, Hwan Jae Lee, Mi Won Kim, and Chang Ahn all claim that the government's investigation of Club Yamang without "sufficient predication" negligently harmed the plaintiffs' individual financial interests in the club. There are at least two flaws with this

theory as currently pleaded. First, individuals, even co-owners or investors, cannot sue on behalf of a corporation for damages to the corporation. *See Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir. 1969). The unpublished case the plaintiffs cite does not stand for the contrary proposition.

Second, both complaints insufficiently explain how the government's conduct was negligent. SA Lee's alleged conduct was intentional. The plaintiffs do not sufficiently allege how HSI, ICE, and any other law enforcement agencies were negligent in following SA Lee's direction in the investigation. I therefore grant without prejudice the government's motion to dismiss the negligence claims.

### D. Intentional infliction of emotional distress

In Nevada, an IIED claim requires "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Jackson v. United States*, 33 F. App'x 293, 295 (9th Cir. 2002) (internal citations omitted).

#### i. *Thomas and Ae Ja Kim*

Thomas and Ae Ja Kim claim IIED based on SA Kim's detention of Ae Ja on the night of the raid, followed by the placement of a GPS monitoring ankle bracelet on Ae Ja. Both plaintiffs report "extreme emotional distress which impacted his/her physical health causing each of them anxiety, sleeplessness, dizziness, heart palpitations, and other physical manifestations associated with severe tension and stress." *See* 2:17–cv–00133–APG–CWH, ECF No. 1 at 9. The government offers two grounds for dismissal: 1) the claim is time-barred because it is based on the July 11, 2013 placement of the GPS device; 2) usage of a monitoring bracelet in the course of an investigation is legitimate. ECF No. 10 at 11.

Ae Ja does not allege facts that state a claim within the statute of limitations. She states the bracelet was placed on her on July 13, 2013, and SA Lee failed to remove it in November 2013. She does not allege that the bracelet remained beyond January 14, 2014, which is the earliest she can state a claim. If she alleges such facts in an amended complaint, she has a viable claim on the merits. Nevada courts agree with the Restatement that "[e]xtreme and outrageous

conduct . . . may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." *See Chehade Refai v. Lazaro*, 614 F. Supp. 2d 1103, 1122 (D. Nev. 2009) (IIED claim survived motion to dismiss where plaintiff, a German citizen, was put to the choice of spying for the United States or being denied a visa). While GPS monitoring bracelets can be legitimately used, Ae Ja alleges that SA Lee forced her to wear an ankle bracelet for months solely to harass her and her husband. A reasonable jury could find this alleged abuse of power to be outrageous and with "reckless disregard" of Ae Ja's emotional well-being.

Thomas's claim fails because it does not meet the heightened IIED standard for third parties. In Nevada, third party witnesses to an outrageous act may only claim IIED in the "most extreme cases of violent attack," often where the defendant knew the claimant had some special circumstances to put him in a "weakened state." *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981). The alleged conduct here does not reach this level.

       *ii.  Hwan Jae Lee and Mi Won Kim*

Hwan Jae Lee and Mi Won Kim claim IIED based on their repeated, allegedly baseless detentions by ICE agents whenever they travel. Both plaintiffs report "extreme emotional distress which impacted his/her physical health causing each of them anxiety, sleeplessness, dizziness, heart palpitations, and other physical manifestations associated with severe tension and stress." *See* 2:17–cv–00133–APG–CWH, ECF No. 1 at 9. The government again argues that the claim is time-barred and that the investigatory techniques were legitimate. ECF No. 32 at 11-12.

As to the statute of limitations, the first detention is time-barred, as it preceded January 14, 2014, but the latter two incidents took place after that date. SA Lee's alleged conduct could rise to IIED outrageousness, again amplified by his abuse of power. *See Chehade Refai*, 614 F. Supp. 2d at 1122.

**CONCLUSION**

IT IS THEREFORE ORDERED that the United States' motions to dismiss **(ECF Nos. 10, 32) are GRANTED IN PART AND DENIED IN PART** as set forth above. The plaintiffs are

granted leave to amend the complaint to cure the defects in their claims if sufficient facts exist, with the exception of Thomas Kim's IIED claim, which is denied with prejudice. The plaintiffs must file the amended complaint within 14 days of entry of this order.

DATED this 25th day of August, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE